| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | 38TH   JUDICIAL   DISTRICT |
| COUNTY OF ALLEN | ) | 2021 TERM |
| | | CAUSE NO. 02D09-22 01-MI-0 0 0 0 0 1 |
| | | 02D09-2201-CT-000011 |

BORIS MUDD,

Plaintiff,

Vs.

CITY OF FORT WAYNE, FORT WAYNE
POLICE DEPARTMENT, KAREN RICHARDS,
J. WILLIAMS, JOHN C. BOHDAN MAG II,
MEGAN CLOSE, RACHEL GUIN-LOWRY,
ST. JOSEPH HOSPITAL of FORT WAYNE

Defendants.

## CIVIL RIGHTS COMPLAINT

Comes now Boris Mudd (Plaintiff), pro-se, for his complaint against defendants City of Fort Wayne (the "city"), officer J. Williams ("Williams") Officer Jane Doe and officer John Doe ("Does"), Fort Wayne Police Department, Karen Richards ("Richards"), John Bohdan (MAG II), collectively defendants respectfully states as follows:

### INTRODUCTION

1. This is an action for equitable relief and for redress for the violation of rights guaranteed to Mudd by federal laws, including: (a) damages for deprivations by defendants acting under color of State law of Mudd's rights, privileges and immunities guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 USC 1983 and 1988; (b) damages for deprivations by defendants of Mudd's rights, privileges and immunities guaranteed by Article I Sections 8, 9 and 11 of the Indiana Constitution; and (c) damages based upon common law claims in tort.

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. 1331 and 1343(a)(3). The Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1367(a) over the state and local law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy.

2. Venue is proper in this district pursuant to 28 U.S.C. 1391 because all of the material acts and injuries alleged herein occurred within the Northern District of Indiana. Such acts include practices and conduct violative of the Fourth and Fourteenth Amendments to the United States Constitution. In addition, venue is proper in this

district pursuant to 28 U.S.C. 1391 because, upon information and belief, defendants' residence and/or principal place of business is in this judicial district.

## THE PARTIES

1. Boris Mudd is a male, African American citizen of the United States, domiciliary of the State of Indiana and a resident of the County of Allen.

2. Defendant City of Fort Wayne is a municipal corporation duly existing by reason of and pursuant to the laws of the State of Indiana.

3. Defendant officer J. Williams, who is sued in his individual and official capacity, at all times relevant to this complaint.

4. Defendant Fort Wayne Police Department is a departmental agency for the City of Fort Wayne is a municipal corporation duly existing by reason of and pursuant to the laws of the State of Indiana.

5. Defendant Karen Richards is a prosecuting attorney with the County of Allen County, Indiana, who is sued in her individual capacity, at all times relevant to this complaint

6. Defendant John C. Bohdan Mag II, with the County of Allen County, Indiana, who is sued in his individual capacity, at all times relevant to this complaint

7. Defendant Rachel J. Guin-Lowry, Public Defender of Allen County, Indiana, who is sued in her individual capacity, at all times relevant to this complaint.

8. Defendant Megan L. Close, Public Defender of Allen County, Indiana, who is sued in her individual capacity at all times relevant to this complaint.

9. Defendant John Doe badge no. 1796 is a Police officer for the city of Fort Wayne, is sued in his individual capacity at all times relevant to this complaint.

10. Defendant St. Joseph Medical Center, a hospital in Fort Wayne, Indiana. This defendant through its agents without any basis acted at the request of law enforcement to aid law enforcement, and performed medical procedures that had no medical purpose at all times relevant to this case.

11. Upon information and belief, the defendants prefer to violate the rights of individuals who are among the most vulnerable in society.

12. Each of the defendants on prior occasions has violated the rights of other individuals in a manner similar to the one alleged herein.

13. It is the custom, pattern or practice of the defendants to violate an individual's rights in the manner set forth herein.
14. The violation of individual rights as set forth herein is constant and widespread throughout the municipal government.
15. Throughout the conduct, the defendants utilized their actual and apparent authority over the individuals to carry out the violations of the individual's rights guaranteed by the constitution, statutory and common law.
16. The municipal defendants knew about the deprivation of individual rights by the individual defendants or should have known about it.
17. At all relevant times, the municipal defendant staffed its police department with officers, including Defendant Williams, who were unsupervised, undisciplined, inadequately trained and wholly unsuited to perform as police officers.
18. At all relevant times, the defendants knew, or should have known, that police officers, including Williams, exhibited out of control, violent, aggressive behavior toward members of the public.
19. At all relevant times, the municipal defendant hired or retained employees, including the individual defendants, who abused their authority.
20. The violation of the plaintiff's rights as set forth herein is constant and widespread throughout the municipal government.

## FACTS

1. On January 4th, 2020, Plaintiff was arrested by members of the Fort Wayne Police Department.
2. Officer J. Williams conducted a traffic stop on plaintiff by activating his red/blue emergency lights.
3. Williams approached the driver side of plaintiff's vehicle to inform plaintiff of expired plates.
4. Williams asked plaintiff if he had driver's license and insurance paperwork and plaintiff stated, "No."
5. Williams asked plaintiff if he had any type of identification and plaintiff said "Yes."
6. Williams asked plaintiff to provide identification but failed to specify what type of identification he wanted. Williams never asked the plaintiff for his name, address, or date of birth which is required under IC 34-28-5-3.5
7. Williams told plaintiff he needed to provide identification and if plaintiff refused to provide identification, then he would go to jail.
8. Plaintiff asked Williams if he was under arrest or free to go.
9. Williams advised plaintiff that he was detained and not free to go.
10. Plaintiff was arrested, handcuffed, and transported to jail.
11. On January 6, 2020, Williams filed an affidavit for probable cause.
12. Williams's affidavit is lacking in a number of noticeable areas.

1) The affidavit fails to substantiate any offense in relation to any crime.
2) The affiant failed to state he had personal knowledge of nor state the source of his belief that a crime had been committed.
3) The affiant failed to state sufficient facts specific to the search and seizure of the plaintiff's property.
4) The affiant omitted that he without any basis in law or fact transported plaintiff from jail to St. Joseph hospital, handcuffed plaintiff to a bed for a duration of the time before being released and transported back to jail.
5) In accordance with Ind. Trial Rule II the affiant failed to affirm under the penalties for perjury that the foregoing representations are true.

13. A probable cause affidavit must include all material facts, "including" those facts that cast doubt on the existence of probable cause. Query V. State, 745 N.E. 2d 769,772 (Ind.2001).
14. Williams omitted the fact that the plaintiff while at the county jail and without any basis in law or fact was offered a PBT test that he refused to take was denied entry to lockup.
15. On January 6th, 2020, judicial officer Bohdan found probable cause but failed to substantiate his basis for finding probable cause nor did he execute a warrant for plaintiff's arrest.
16. On January 6th, 2020, plaintiff demanded the state turn over its discovery and plaintiff was told by Bohdan he would get discovery later. No discovery, no summons, no complaint is insufficiency of process.
17. On January 6th, 2020, plaintiff made a motion to dismiss the case and motion was denied.
18. On January 13th, 2020, Plaintiff filed in court a verified show cause denial of jurisdiction and the state failed to respond.
19. On February 4th, 2020, a court order referred plaintiff to the public defender office.
20. On February 20th, 2020, Rachel Guin-Lowry filed her appearance.
21. On February 25th, 2020, at the scheduled hearing attorney "Lowry" failed to motion court to compel the state to turn over discovery or dismiss the case for lack of jurisdiction and insufficiency of process.
22. On June 24th, 2020, jury trial was cancelled for some unknown reason without plaintiff's consent.
23. Prior to June 26th, 2020, attorney Lowry remained on the case and suddenly withdrew from the case in violation of Ind. Code 35-36-8-2 and LR02 TR 3.1-3 withdrawal of counsel.
24. On June 26th, 2020, Megan Lynn Close, public defender filed an appearance.
25. On August 11th, 2020, at the hearing session, plaintiff objected to the court (Bohdan) for allowing a subsequent attorney Megan Close to represent plaintiff when Bohdan knew or should have known that attorney Lowry failed to seek leave of court to withdraw.
26. 28 U.S.C. Sec. 455(a) requires a judge to recuse himself in any proceeding in which his impartiality might reasonably be questioned. Taylor V. O'Grady 888 F. 2d 1189 (7th Cir. 1989).
27. On September 22, 2020, Mudd was scheduled to appear in court on case #02D05-2009-CM-3121 but missed the court date. A petition to revoke was filed.

28. Later that day on September 22, 2020, Plaintiff received a phone call from attorney Megan Close to inform Plaintiff of his missed court hearing, and that a warrant for his arrest had been issued.
29. Attorney Close informed Plaintiff that she was not on that particular case scheduled for 9-22-2020, but to be in court for his scheduled hearing on 9-24-2020.
30. On September 23, 2020, Plaintiff appeared in court to explain to the court why he had missed his court hearing for 9-22-2020.
31. Plaintiff was put in handcuffs and taken to lockup. Later that afternoon, Plaintiff was taken to court when he was informed by attorney Close to plea to charges while in handcuffs and under duress. Plaintiff was advised to plea guilty by attorney Close.

## STATE LAW TORTS

1. False imprisonment.
2. Malicious prosecution.
3. Battery.
4. False arrest.
5. Abuse of process.
6. Judicial deception.
7. Injunctive relief.

## CONSTITUTIONAL CLAIMS

1. Fourth Amendment violation/unreasonable seizure.
2. Excessive force.
3. Continuing seizure.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Imprisonment)

1. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.
2. The policies and intentional conduct of the defendants in furtherance of a political vendetta deprived the Plaintiff of his right to equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.
3. As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the Plaintiff has incurred economic damage including a loss of liberty and damage to his reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.
4. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Malicious Prosecution)

1. Mudd repeats and realleges each and every allegation contained in the paragraphs previously set forth.

2. The conduct of the defendant Karen Richards constituted malicious prosecution because it was carried out in pursuit of a personal vendetta and without any basis in law or fact and without sufficient factual information.

3. As a direct and proximate result of the unlawful acts of the defendant Richards described herein, the Plaintiff has incurred economic damage including a loss of liberty and damage to his reputation and still suffers both physical painand suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

4. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Mudd is entitled to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Common Law Battery)

1. Mudd repeats and realleges each and every allegation contained in the paragraphs previously set forth.

2. The conduct of the defendant Williams was without Plaintiff's consent and constituted common law battery by the use of excessive force on the Plaintiff.

3. As a direct and proximate result of the unlawful acts of the defendants described herein, the Plaintiff has incurred economic damage including a loss of liberty and damage to his reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

4. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (False Arrest)

1. Mudd repeats and realleges each and every allegation contained in the paragraphs previously set forth.

2. As a direct and proximate result of the intentional acts of the defendant Williams described herein, carried out in pursuit of a personal vendetta and without sufficient factual information, Plaintiff suffered economic damage including a loss of liberty and was caused to become physical and psychiatric illness and continues to suffer from severe and disabling shock, distress, anguish, sorrow, depression and loss of enjoyment of life.

3. The aforesaid physical and psychological injuries sustained by Plaintiff were caused wholly by reason of the intentional, reckless and/or negligent acts of the defendant Williams as described herein.

4.   The defendant Williams acted maliciously and with specific intent to oppress and harm Plaintiff and/or with reckless disregard of the consequences of his actions, and as a result Plaintiff is entitled to damages in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Abuse of Process)

1.   Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

2.   The policies and intentional conduct of the defendants in furtherance of a political vendetta deprived the Plaintiff of his right to equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.

3.   As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the Plaintiff has incurred economic damage including a loss of liberty and damage to his reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

4.   The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Judicial Deception)

1.   Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

2.   On August 11th, 2020, at the hearing session, plaintiff objected to the court (Bohdan) for allowing a subsequent attorney Megan Close to represent plaintiff when Bohdan knew or should have known that attorney Lowry failed to seek leave of court to withdraw.

3.   As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the Plaintiff has incurred economic damage including a loss of liberty and damage to his reputation and still suffers both physical pain and suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

4.   The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Injunctive Relief)

1. Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

2. The policies of the defendants are still in effect. They deprive and/or chill federal constitutional rights, state constitutional rights and state statutory rights of all similarly situated individuals. Accordingly, the policies should be preliminarily and permanently enjoined.

3. In order to counter the unlawful policies described herein, the named defendants and all other municipal employees must be trained and educated in order to protect the constitutional, statutory and common law rights of citizens.

### JURY TRIAL DEMANDED

Plaintiff hereby demands trial by jury on all claims and issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment:

1. Permanently enjoining defendants from enforcing their customs, policies, patterns and practices as described herein that violate constitutional rights;

2. Permanently enjoining defendants from taking any further retaliatory actions against Plaintiff for exercising hisconstitutional rights;

3. Retaining jurisdiction over this action and ordering the defendants to implement and enforce proper policies and practices including appropriate training and supervision to protect employees and individuals from infringement of their constitutional rights;

4. Awarding the full amount of compensatory damages as Plaintiff prove at trial against all defendants jointly and severally;

5. Awarding the full amount of punitive damages as the jury determines to be appropriate;

6. Awarding reasonable attorneys' fees, costs and disbursements; and

7. Granting such other and further relief as to the Court seems just and proper.

Respectfully Submitted,

*[signature: Boris Mudd]*

Boris Mudd

4503 Marvin Drive

Fort Wayne, IN 46806

## CERTIFICATE OF SERVICE

I DO HEREBY DULY CERTIFY THAT I HAVE SERVED UPON THE CLERK A TRUE AND COMPLETE COPY OF THE FOREGOING THIS __31__ DAY OF DECEMBER 2021 VIA PERSONAL SERVICE

*Boris Mudd*