UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BORIS MUDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:22 CV 26-HAB |
| ) | |
| CITY OF FORT WAYNE, FORT WAYNE ) | |
| POLICE DEPARTMENT, OFFICER J. ) | |
| WILLIAMS, KAREN RICHARDS, prosecutor, ) | |
| MAGISTRATE JUDGE JOHN BOHDAN, ) | |
| RACHEL GUIN-LOWRY, public defender, ) | |
| MEGAN L. CLOSE, public defender, ) | |
| JOHN DOE FORT WAYNE POLICE OFFICER ) | |
| Badge No. 1796, and ST. JOSEPH MEDICAL ) | |
| CENTER ) | |
| ) | |
| Defendants. ) | |

## **OPINION and ORDER**

Plaintiff Boris Mudd, proceeding pro se, filed a state court complaint in Allen Superior Court, Allen County, Indiana against the City of Fort Wayne, the Fort Wayne Police Department (FWPD), and others alleging constitutional violations and various state law torts arising from his arrest on January 4, 2022, and subsequent events. (ECF No. 3). Defendants the City of Fort Wayne, the FWPD, and Officer J. Williams (collectively, "the City Defendants") timely filed a Notice of Removal to this Court (ECF No. 1). Thereafter, Plaintiff timely moved to remand (ECF No. 10), asserting that the Notice of Removal was defective because the other defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). The City Defendants did not respond to the Motion to Remand but instead filed an Amended Notice of Removal indicating consent to removal by all served defendants. For the reasons below, the Court REMANDS the action to the Allen Superior Court.

**DISCUSSION**

Defendants generally may remove a case from state to federal court if the plaintiff could have brought the case in federal court. 28 U.S.C. § 1441. The procedure for the removal of civil actions is governed by 28 U.S.C. § 1446. Federal courts "interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). *See also Jarvis v. Davis*, No. 3:16-CV-525, 2016 WL 6275600, at *2 (N.D. Ind. Oct. 27, 2016) (noting that "the requirement of timely written consent is construed strictly" and rejecting evidence of consent filed after the 30-day deadline).

"When a civil action is removed ... all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).[1] "The defendant seeking removal must secure consent to removal from all other properly joined and served defendants within the 30-day removal period." *Watkins v. Wexford of Indiana, LLC*, 2020 WL 4462637, at *2 (S.D. Ind. Aug. 3, 2020); *Denton*, 2012 WL 3779315, at *3 (a defendant's "failure to include other defendants' consent may only be cured within the 30-day time period."). "[I]f all served defendants do not consent to removal within the thirty-day period, the district court shall remand the case." *Am.'s Mortg. Banc, Inc. v. XEZ, Inc.*, 2006 WL 3754986, at *2 (N.D. Ill. Dec. 18, 2006) (citation omitted).

Here, the City Defendants were served on January 5, 2022. Starting with the next business

---

[1] To properly consent to removal or join a notice of removal, the remaining defendants must sign the notice of removal. *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("But all served defendants still have to support the petition in writing, i.e., sign it."); *see also Denton v. Universal Am-Can, Ltd.*, 2012 WL 3779315, at *3 (N.D. Ill. Aug. 30, 2012) ("As these cases demonstrate, the Moving Defendants' Amended Notice of Removal is still deficient because [the remaining defendants] have not signed the amended removal petition."). The Amended Notice represents that Magistrate John Bohdan has not been served and the remaining Defendants consent to removal. However, only two of the remaining Defendants actually signed the Notice. Counsel attached written consents from the other two Defendants. The Court offers no opinion on whether this is sufficient consent under the 7th Circuit's strict construction of the rule. *See Komacko v. Amer. Erectors, Inc.* 2013 WL 3233229 (N.D. Ind. 2013).

day, the thirty (30) day time period for filing a notice of removal (or to amend a notice) expired on a weekend, which, pursuant to Fed. R. Civ. P. 6, carried the deadline over to Monday, February 7, 2022. While the City Defendants original notice of removal was timely filed on January 20, 2022, this did not reset the clock for amendment purposes. Any amended notice was due by February 7, 2022. But the Amended Notice correcting the issues raised by Plaintiff's Motion to Remand was not filed until February 22, 2022. This makes the Amended Notice untimely. *Morgan v. Town of Georgetown*, 2021 WL 2801351, at *5 (S.D. Ind. July 6, 2021) (holding belated attempt to cure the procedural defect of failing to obtain consent for removal "exceeds the strict, thirty-day statutory period to do so.").

The City Defendants cite to *Simmons ex rel. Simmond v. COA, Inc.,* 2012 WL 1947172, at *1-3 (N.D. Ind. 2012) for the proposition that §1446(b) permits a party to file an amended notice of removal as late as thirty days *after* the original notice of removal. Under *Simmons,* they contend the notice of removal is timely filed because they had until February 19, 2022 (or February 22, 2022, under Fed. R.Civ.P. 6(a)), to amend it. The Court has scoured the text of §1446(b) and does not find any authorization in it to support *Simmons* interpretation. Even Wright and Miller's Federal Practice endorses the proposition that an amended notice of removal is limited to the original 30-day period for removal. 14C C. Wright & A. Miller, Federal Practice & Procedure § 3733 (Rev. 4th ed. 2019) ("Prior to the expiration of the 30-day period for removal, the defendants may freely amend the notice of removal."); see also *Morgan,* 2021 WL 2801351, at *5 (S.D. Ind. July 6, 2021).

With the Amended Notice deemed untimely, the Court is left with the original removal notice which, as the City Defendants seem to acknowledge, is procedurally inadequate under the removal statute. Accordingly, because "the statutory procedures for removal are to be strictly

3

construed," *Syngenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 32 (2002), the Court GRANTS the Plaintiff's Motion to Remand.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Motion to Remand (ECF No. 10) is GRANTED. This case under state cause number 02D09-2201-CT-11 is REMANDED to Allen Superior Court.

SO ORDERED on June 21, 2022.

                                          s/ Holly A. Brady
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT